Mr. Pat Moran Attorney at Law 1000 Savers Federal Building Little Rock, AR 72201
Dear Mr. Moran:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyists and State Officials". Specifically, you ask two questions:
 1. Do necessary contacts by representatives of industry and business with employees of state government constitute acts of lobbying requiring registration as a lobbyist under Initiated Act 1 of 1988?
 2. May an employer who is represented by more than one registered lobbyist designate one of its lobbyists to file the lobbyist report required under Act 1 for all lobbyists of that employer and thereby avoid repetitive filings?
To respond to your first question, is it necessary to refer to the definition of lobbying and administrative action contained in the Act:
 `Lobbying means' communicating directly or soliciting others to communicate with any public official or employee of any governmental body with the purpose of influencing legislative action or administrative action.
 `Administrative action' means any decision on, or proposal, consideration, or making of any rule, regulation, rate-making proceeding or policy action by a governmental body. Administrative action does not include ministerial action.
Clearly, then, when a representative of a business contacts an entity of state government for the purpose of influencing an administrative action, the representative is engaging in lobbying. Whether the representative is required to register as a lobbyist, and in turn file an activity report, is contingent upon whether the person receives or expends $250 in a calendar quarter for lobbying.
Your question specifically refers to "necessary" contacts, which your request describes. The Act does not distinguish between necessary contacts with state agencies and non-essential contacts. If a person attempts to influence an administrative action, even if part of an agency-initiated contact, the person is lobbying as defined by the Act.
The facts of each particular case must be reviewed to determine if lobbying has actually occurred, and if the person lobbying should register as a lobbyist.
Please note that ministerial actions are specifically exempted from the definition of "administrative action." Therefore, it is presumed that no lobbying can occur if the contact made by a business representative is regarding a ministerial action.
In response to your second question, again, the applicability of the Act to each individual case must be determined by the facts unique to that particular situation. However, it is theoretically possible for a company, which is registered as a lobbyist, to appoint a single staff member to file the company's lobbyist activity report, so long as each individual who engages in lobbying for the company signs the report, and each individual registered as a lobbyist reports every item required by the Act separately.
This interpretation is based upon Section 21-8-603 which states that "each registered lobbyist shall file a complete and detailed statement, signed and sworn to, concerning his or her lobbying activities during the previous calendar quarter." The Act provides that a business, individual, corporation, union, association, firm, partnership, committee, club, or other organization or group of persons may register as a lobbyist.
Common sense dictates that it is impossible for a business, which is a registered lobbyist, to physically file a lobbyist activity report. Therefore, the only alternative is for the business to designate an agent or agents to file on its behalf.